IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

McC SOLO                                                                                    PLAINTIFF
ADC #135485

v.                                          5:18cv00161-DPM-JJV

WENDY KELLEY, Director, Arkansas                                        DEFENDANTS
Department of Correction, J. GIBSON,
Warden, Varner Unit, F. WASHINGTON,
Classification Officer, Varner SuperMax

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     INTRODUCTION**

McC Solo ("Plaintiff"), currently an inmate at the Maximum Security Unit of the Arkansas Department of Correction, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 2, 5.) He sued Arkansas Department of Correction Director Wendy Kelley, Varner Unit Warden James Gibson,[1] and Classification Officer Floria Washington[2] in their personal and official capacities. (Doc. No. 5 at 2.) He alleged retaliation, equal protection violations, due process violations, and violations of his Eighth Amendment rights. (Doc. No. 2.) On June 21, 2018, I explained to Plaintiff that certain of his claims were deficient and gave him the opportunity to file an Amended Complaint. (Doc. No. 4.)

Plaintiff filed his Amended Complaint on June 29, 2018. (Doc. No. 5.) Upon screening, Plaintiff was allowed to proceed with his due process and equal protection claims in connection with being placed in the eighteen-month behavioral incentive program, restrictive housing, and

---

[1] The Clerk of the Court is directed to change the name of Defendant J. Gibson to James Gibson on the docket sheet. Doc. No. 13.
[2] The Clerk of the Court is directed to change the name of Defendant F. Washington to Floria Washington on the docket sheet. Doc. No. 13.

2

step-down program; all other claims were dismissed. (Doc. Nos. 7, 8.) Plaintiff filed a Motion for Summary Judgment on March 7, 2019. (Doc. Nos. 78-80.) Defendants responded with their own Motion for Summary Judgment. (Doc. Nos. 85-88.) Plaintiff has responded (Doc. Nos. 89-91) and this matter is now ripe for a decision. After careful review, and for the following reasons, I find Plaintiff's Motion for Summary Judgment should be DENIED. I further find that Defendants' Motion for Summary Judgment should be GRANTED and this case should be dismissed.

## II.     SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).

Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III. ANALYSIS**

As explained below, Defendants are entitled to summary judgement on each of Plaintiff's claims.

**A. Official Capacity Claims**

Plaintiff's official-capacity claims fail because they are the equivalent of claims against the State of Arkansas. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 provides for a cause of action against a person acting under color of state law who deprives another of a federally-protected right. 42 U.S.C. § 1983. However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id*. Because all Defendants are officials of the State of Arkansas, they cannot be considered "persons" in their official capacities for the purposes of § 1983. Accordingly, Plaintiff's official-capacity claims should be dismissed.

**B. Due Process**

The acts Plaintiff complains of took place at the Varner Maximum Security Unit ("VSM"). Before his transfer to VSM, Plaintiff was housed at the East Arkansas Regional Unit ("EARU"). (Doc. No. 5; Doc. No. 85-4.) On June 5, 2016, while at the EARU, Plaintiff was found with a 6.5-inch homemade shank. (Doc. No. 85-4 at 1.) He had stabbed or stuck another inmate, refused orders to throw the weapon out of his cell, and allegedly assaulted staff. (*Id*.) On June 14, 2016, Plaintiff was found guilty of failure to obey staff orders, use of force on an inmate, and possession of a weapon. (*Id*. at 3.) After his conviction, he was transferred to VSM. According to Plaintiff, after his arrival at VSM he was placed on an 18-month behavioral incentive program, followed by

placement in restrictive housing and the step-down program. (Doc. No. 5 at 3-4; Doc. No. 89 at 27-28.)

According to Defendant Kelley, Plaintiff was placed in the incentive program on July 12, 2016, graduated from the program in March 2018, and was placed in the step down program on May 2, 2018. (Doc. No. 85-1 at 2.) Plaintiff remained in segregation after graduating to the step down program. (Doc. No. 85-6 at 3.) Apparently at the time he filed suit on June 18, 2018, Plaintiff had been in segregation at VSM for nearly two years.[3] (Doc. No. 5; Doc. No. 85-6.) Plaintiff alleges his placement and segregation violated his due process rights. In his due process challenge, Plaintiff did not raise issues regarding the conditions during segregation; he complains of the length of segregation. (Doc. No. 5.)

To the extent Plaintiff alleges Defendant Kelley violated his due process rights by transferring him to VSM (Doc. No. 5 at 2), he has no liberty interest in being housed in a particular facility and he has not alleged the conditions at the VSM facility in general created an atypical and significant hardship. *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005); *Williams v. Walls*, 744 F.2d 1345, 1346 (8th Cir. 1984). Further, based on Plaintiff's deposition testimony, it appears he did not intend to challenge his transfer but only his placement in the incentive program and continued segregation. (Doc. No. 89 at 17.) To the extent Plaintiff alleged his classification status violated his due process rights (Doc. No. 5 at 2), he has no liberty interest in maintaining or obtaining any particular classification. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Kennedy v.*

---

[3] Plaintiff was in a maximum-security unit before his transfer to VSM. (Doc. No. 89 at 10.) And it appears Plaintiff was held in administrative segregation before he was moved to VSM and placed in the incentive program. (*See* Doc. No. 3 at 44, indicating Plaintiff has been in segregation for three-and-a half years.) Plaintiff raises issue with his placement in segregation only for the time period after his placement in the incentive program at VSM. (Doc. No. 5.)

*Blankenship* 100 F.3d 640, 642 n.2, 643 (8th Cir. 1996). Accordingly, any claims challenging Plaintiff's transfer and classification status fail.

In his Motion for Summary Judgment and Response to Defendants' Motion for Summary Judgment, Plaintiff alleges he was not present at his disciplinary hearing at the EARU when he was found guilty of use of force on another inmate, among other charges; he appears to challenge his disciplinary convictions. (Doc. No. 79 at 2; Doc. No. 91 at 2.) Plaintiff raised these allegations first at summary judgment, so that challenge will not be considered now.

After his arrival at VSM, Plaintiff was placed in the incentive program. He contends Defendants violated his due process rights by placing him in the program based on a disciplinary for assault on staff when he was found not guilty of that charge. He contends ADC documents were falsified to justify his placement in the program. ADC documents, however, reveal the initial reason for placement at VSM—not placement in the incentive program—was assault on staff. (Doc. No. 3 at 21; Doc. No. 85-5 at 2; Doc. No. 85-2 at 2; Doc. No. 85-3 at 2.) As mentioned above, to the extent Plaintiff challenges his transfer to VSM, that claim fails.

Defendant Washington is a member of the VSM classification committee and was involved in the decision to place Plaintiff in the incentive program. (Doc. No. 85-2 at 2.) Plaintiff was seen by the committee on July 23, 2016. (*Id.*) She explains that Plaintiff was placed in the incentive program based on the disciplinary violations for which he was convicted: failure to obey staff orders, use of force on an inmate, and possession of a weapon. (*Id.*) Plaintiff has not come forward with any evidence establishing otherwise.

Plaintiff challenges being in segregation during the incentive program and step down. Plaintiff's initial placement in segregation did not violate his due process rights because an inmate does not have a protected liberty interest in freedom from administrative or punitive segregation.

*See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Substantial periods in administrative segregation, however, may constitute an atypical and significant hardship. *See Williams v. Hobbs*, 662 F.3d 994, 998-99 (8th Cir. 2011). Determining whether a plaintiff's due process rights were violated as a result of his segregation is a two-step process. *Id.* at 1000. First, a plaintiff must demonstrate he was "deprived of life, liberty, or property by government action." *Id*. (internal citation omitted). "To prevail on such a claim based on prison housing, an inmate must show that the segregation created an 'atypical and significant hardship on him in relation to the ordinary incidents of prison life' to demonstrate that his liberty interest was curtailed." *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002) (*citing Sandin*, 515 U.S. at 484). If a liberty interest exists, the court must determine "what process is necessary to protect that interest." *Williams*, 662 F.3d at 1000.

Assuming, without finding, that Plaintiff has a protected liberty interest based on the duration of his segregation, his due process claim nonetheless fails. When a protected interest is at stake, an inmate's placement in segregation must be reviewed periodically, and the review must be meaningful. *See Williams v. Norris*, 277 Fed. Appx. 647, 648-49 (8th Cir. 2008) (unpublished per curiam). Plaintiff does not allege he was deprived of regular reviews of his classification and no evidence in the record indicates he was denied review. (Doc. No. 5; Doc. Nos. 78-80.) Further, the ADC has in place a procedure for regular review of classification, and it appears Plaintiff's classification was reviewed at regular intervals. (*See* Doc. No. 3 at 6-18, 46-58; Doc. No. 85-6.) Plaintiff did not challenge the meaningfulness of his reviews. (Doc. Nos. 2, 5.) Further, the record indicates the review committee changed Plaintiff's class and level and he graduated from the incentive program, was moved to the step down program, and his level has progressed within the step down program. (*See* Doc. No. 3 at 22-30; Doc. No. 85-6 at 3.) This suggests his circumstances were considered in a meaningful way.

Rather than complaining he does not receive regular, meaningful reviews, Plaintiff contends that because he was disciplinary free, he should have been removed from segregation. (Doc. No. 5.) But nothing in the record indicates a protected interest created through any such mandate. (Doc. No. 3 at 6-18, 46-58.) According to ADC policy, administrative status, for example, is based on whether an inmate "poses a direct threat to the safety of person or a clear through to the safe and secure operations of a facility," among other considerations (Doc. No. 3 at 51.) Whether an inmate is convicted of a disciplinary may play a role in determining placement in segregation, but nothing in the record reflects a mandated procedure according to which an inmate is relieved of segregation based solely on receiving no new disciplinary convictions.

Plaintiff also contends being forced to send his prison-purchased property to a third party violated his due process rights. (Doc. Nos. 2, 5.) An inmate has no federal claim for a deprivation of personal property if the state has an adequate post-deprivation remedy, which Arkansas does. *See Winston v. Burl*, 596 Fed. Appx. 525 (8th Cir. 2015) (unpublished per curiam).

To the extent Plaintiff attempts to support his Motion with the assertion that Defendants' responses to his discovery requests were deficient (Doc. Nos. 89, 91), I find no merit to that argument. Plaintiff has not presented evidence creating a genuine issue of fact that would preclude summary judgment in Defendants' favor on Plaintiff's due process claim. Accordingly, I recommend Defendants' Motion for Summary Judgment be granted on those claims.

**C.     Equal Protection**

Plaintiff claims his equal protection rights were violated. (Doc. No. 5 at 5, 6-7.) "The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994) (internal citation omitted). Accordingly, the first step in analyzing his equal protection claim is to determine if Plaintiff has

8

shown he was treated differently than similarly situated inmates. (*Id.*) Plaintiff asserts he is similarly situated to inmate Ashley Kaufman, who is in restrictive housing and who "made a home-made fire bomb to throw and set Officer Smith on fire at [his] cell . . . on April 9, 2018 cause he disrespected me . . . ." (Doc. No. 3 at 3; Doc. No. 80 at 4.) Plaintiff came forward with no evidence to show he and Mr. Kaufman are similarly situated beyond Mr. Kaufman's declaration regarding the fire-bomb incident. In the declaration, Mr. Kaufman declares that he threatened staff with a firebomb for which he received more time in punitive, but there is no evidence of his disciplinary convictions. (Doc. No. 3 at 3.) Plaintiff was convicted of use of force on an inmate, among other violations. Defendants point out Plaintiff's extensive disciplinary history, contending that there is no evidence Mr. Kaufman had similar disciplinaries. (Doc. No. 88 at 7; Doc. No. 85-6.) Based on this evidence, I agree that Plaintiff has not established he and Mr. Kaufman are similarly situated. Accordingly, Defendants' Motion for Summary Judgment should be entered on Plaintiff's equal protection claim.

### IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 85) be GRANTED.

2. Plaintiff's Motion for Summary Judgment (Doc. No. 78) be DENIED.

3. Plaintiff's claims be DISMISSED with prejudice.

4. Plaintiff's Complaint (Doc. No. 5) be DISMISSED with prejudice.

5. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 23rd day of May 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE